UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Dow AgroSciences LLC and Phytogen Seed Company, LLC**<br><br>Plaintiffs,<br><br>v.<br><br>**Robert Lemon and Sotero Ramirez**<br><br>Defendants. | Case No. 1:19-cv-4303-JRS-MJD |

## AGREED PERMANENT INJUNCTION

This matter is before the Court on Plaintiffs' Complaint for Damages, Temporary and Permanent Injunctive Relief [Dkt. No. 1] and the parties' Joint Motion for Agreed Permanent Injunction [Dkt. __]. Having reviewed the parties' Joint Motion and being duly advised, the Court grants the parties' Joint Motion. In so doing, this Court enters Judgment in favor of Plaintiffs Dow AgroSciences LLC ("DAS") and Phytogen Seed Company, LLC ("Phytogen"), and against Defendants Robert Lemon ("Lemon") and Sotero Ramirez ("Ramirez") with respect to Plaintiffs' request for permanent injunctive relief against Defendants, as set forth in more detail below. Plaintiffs' remaining claims for relief, including their claims for damages, costs and attorneys' fees are hereby dismissed with prejudice.

1. The Court has personal jurisdiction over DAS, Phytogen, Lemon and Ramirez.

2. The Court has subject matter jurisdiction over this action.

3. Defendant Lemon admits he signed and is a party to that Loyalty and Confidentiality Agreement dated April 4, 2011, a copy of which is attached as Exhibit A to Plaintiffs' Complaint (the "Lemon Agreement").

4. Defendant Ramirez admits he signed and is a party to that Loyalty and Confidentiality Agreement dated April 22, 2010, a copy of which is attached as Exhibit B to Plaintiffs' Complaint (the "Ramirez Agreement" and together with the Lemon Agreement, the "Agreements").

5. Defendant Lemon admits he was employed with DAS until September 5, 2019.

6. Defendant Ramirez admits he was employed with DAS until September 5, 2019.

7. Defendants each admit they are presently employed by Americot, Inc. ("Americot").

8. Defendants each admit that Americot is a Competing Business as that term is defined in the Agreements.

9. The parties agree that the "Restricted Area" as used in the Lemon Agreement is comprised of the following Texas counties: Aransas, Atascosa, Austin, Bandera, Bastrop, Bee, Bell, Bexar, Blanco, Bosque, Brazoria, Brazos, Brooks, Burleson, Burnet, Caldwell, Calhoun, Cameron, Chambers, Colorado, Comal, Comanche, Corvell, De Witt, Dimmit, Duval, Edwards, Falls, Fayette, Fort Bend, Frio, Galveston, Gillespie, Goliad, Gonzales, Grimes, Guadalupe, Hamilton, Hardin, Harris, Hays, Hidalgo, Hill, Jackson, Jefferson, Jim Hogg, Jim Wells, Karnes, Kendall, Kenedy, Kerr, Kimble, Kinney, Kleberg, La Salle, Lampasas, Lavaca, Lee, Liberty, Live Oak, Llano, Madison, Mason, Matagorda, Maverick, McLennan, McMullen, Medina, Milam, Mills, Montgomery, Nueces, Orange, Real, Refugio, Robertson, San Jacinto, San

Patricio, San Saba, Starr, Sutton, Travis, Uvalde, Val Verde, Victoria, Walker, Waller, Washington, Webb, Wharton, Willacy, Williamson, Wilson, Zapata, and Zavala.  This territory is hereafter referred to as the "Lemon Restricted Area."

10. The parties agree that "Covered Customers" as used in the Lemon Agreement are identified in the List of Lemon Covered Customers attached hereto as **Exhibit 1**.  These customers are hereafter referred to as "Lemon Covered Customers."  **Exhibit 1** attached hereto is confidential information of Plaintiffs and, accordingly, has been filed, and will be maintained, under seal.  Lemon is prohibited from disclosing **Exhibit 1** or the identities of the Lemon Covered Customers to Americot or any other third party, except only to the extent necessary to facilitate Lemon's compliance with this Agreed Permanent Injunction.  Lemon Covered Customers shall only include customer locations in the Lemon Restricted Area.  For example, Helena Chemical is a national company appearing on the List of Lemon Covered Customers, but is considered a "Lemon Covered Customer" for purposes of this Agreed Permanent Injunction only with respect to Helena Chemical stores located in the Lemon Restricted Area.

11. The parties agree that the "Restricted Area" as used in the Ramirez Agreement is comprised of the following Texas counties: Austin, Brazoria, Brazos, Burleson, Calhoun, Chambers, Colorado, De Witt, Fort Bend, Galveston, Grimes, Hardin, Harris, Jackson, Jefferson, Lavaca, Liberty, Madison, Matagorda, Montgomery, Orange, Robertson, San Jacinto, Victoria, Walker, Waller, Washington, and Wharton.  This territory is hereafter referred to as the "Ramirez Restricted Area."

12. The parties agree that that "Covered Customers" as used in the Ramirez Agreement are identified in the List of Ramirez Covered Customers attached hereto as **Exhibit 2**.  These customers are hereafter referred to as "Ramirez Covered Customers."

**Exhibit 2** attached hereto is confidential information of Plaintiffs and, accordingly, has been filed, and will be maintained, under seal.  Ramirez is prohibited from disclosing **Exhibit 2** or the identities of the Ramirez Covered Customers to Americot or any other third party, except only to the extent necessary to facilitate Ramirez's compliance with this Agreed Permanent Injunction. Ramirez Covered Customers shall only include customer locations in the Ramirez Restricted Area.  For example, Helena Chemical is a national company appearing on the List of Ramirez Covered Customers, but is considered a "Ramirez Covered Customer" for purposes of this Agreed Permanent Injunction only with respect to Helena Chemical stores located in the Ramirez Restricted Area.

13. Plaintiffs allege that, prior to and in anticipation of the separation of their employment with DAS, Lemon and Ramirez downloaded and/or copied certain materials belonging to Plaintiffs, including Confidential Information (as that term is defined in the Agreements) (collectively the "Downloaded Materials") and retained the "Downloaded Materials" after their employment with DAS ended and their employment with Americot commenced.

14. Plaintiffs allege that Lemon has violated the Lemon Agreement by, among other things, retaining and failing to return to DAS Company Records and Confidential Information (as those terms are defined in the Lemon Agreement), contacting certain of the Lemon Covered Customers on behalf of or for the benefit of Americot; and engaging in Competing Activities (as that term is defined in the Lemon Agreement) in the Lemon Restricted Area.

15. Plaintiffs allege that Ramirez has violated the Ramirez Agreement he signed with DAS by, among other things, retaining and failing to return to DAS Company Records and Confidential Information (as those terms are defined in the Ramirez Agreement), contacting

certain of the Ramirez Covered Customers on behalf of for the benefit of Americot; and engaging in Competing Activities (as that term is defined in the Ramirez Agreement) in the Ramirez Restricted Area.

16. Defendants affirmatively state that they have not provided any Confidential Information belonging to Plaintiffs, including, but not limited to, the Downloaded Materials, to Americot or any of its representatives or to any other third party.

17. Notwithstanding their denial of liability, and solely to resolve this matter, Lemon and Ramirez agree to the entry of this permanent injunction.

18. Based on the agreement of the parties, it is HEREBY ORDERED ADJUDGED AND DECREED as follows:

   a. Defendant Lemon is enjoined from using or disclosing to others any Confidential Information. As used in this Agreed Permanent Injunction, "Confidential Information" means any of Plaintiffs' trade secrets and any other legally protectable information that is maintained as confidential by Plaintiffs and is not authorized for disclosure to the public, including, without limitation, the following types of non-public information of or relating to Plaintiffs: (i) internally created lists of customers, customer leads or prospects, customer history and analysis; (ii) marketing plans, strategies and analysis; (iii) human resources information, including personnel files, compensation information, and internally created or maintained information concerning assessments of Plaintiffs' employees; (iv) information regarding key contractor relationships, including terms thereof; (v) business plans and analysis; (vi) buying practices; (vii) non-public financial records;

(viii) research and development information, including but not limited to targets, strategies, biological material, non-biological material, other physical material, data, know-how, intellectual property, germplasm, plant material, and information regarding new discoveries, new products or services not yet released to the public; (ix) technical data, know-how, innovations, computer programs and inventions; (x) operational data, methods and techniques; (xi) programs to minimize environmental hazards and health and safety risks to employees; (xii) specialized training; and (xiii) information about the business affairs of third parties that such third parties provide to Plaintiffs in confidence. The inclusion of a particular type of information in the foregoing definition should not be taken as a finding or admission that Lemon or Ramirez possesses that type of information or that either of them acquired that type of information from Plaintiffs. With respect to Confidential Information that does not qualify as a trade secret under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*, this injunction prohibiting Lemon from using or disclosing to others Confidential Information will apply for a period of three (3) years immediately following entry of this Agreed Permanent Injunction; however, with respect to Confidential Information that qualifies as a trade secret under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*, this injunction shall continue for so long as such Confidential Information qualifies as a trade secret. Notwithstanding the foregoing, the term "Confidential Information" does not include information that, after September 5, 2019, became or becomes available to Lemon from a third-party

source other than Ramirez, provided that such source is not known by the Lemon to be bound by a confidentiality agreement with or other obligation of secrecy to either Plaintiff.

b.  Defendant Ramirez is enjoined from using or disclosing to others any Confidential Information. With respect to Confidential Information that does not qualify as a trade secret under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*, this injunction prohibiting Ramirez from using or disclosing to others Confidential Information will apply for a period of three (3) years immediately following entry of this Agreed Permanent Injunction; however, with respect to Confidential Information that qualifies as a trade secret under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*, this injunction shall continue for so long as such Confidential Information qualifies as a trade secret.  Notwithstanding the foregoing, the term "Confidential Information" does not include information that, after September 5, 2019, became or becomes available to Ramirez from a third-party source other than Lemon, provided that such source is not known by the Ramirez to be bound by a confidentiality agreement with or other obligation of secrecy to either Plaintiff.

c.  Until February 5, 2021, Defendant Lemon is enjoined from engaging, anywhere within the Lemon Restricted Area, in any activities or services on behalf of Americot or any Competing Business that are the same or similar in function or purpose to those he performed for either or both Plaintiffs within the two-year period preceding September 5, 2019.  As used in this Agreed

Permanent Injunction, "Competing Business" means any person or entity engaged in the business of providing a Competing Product or Service. As used in this Agreed Permanent Injunction, "Competing Product or Service" means cottonseed.

d. Until February 5, 2021, Defendant Ramirez is enjoined from engaging, anywhere within the Ramirez Restricted Area, in any activities or services on behalf of Americot or any other Competing Business that are the same or similar in function or purpose to those he performed for either or both Plaintiffs within the two-year period preceding September 5, 2019.

e. Until February 5, 2021, Defendant Lemon is enjoined from, directly or indirectly, soliciting or communicating with any of the Lemon Covered Customers for the purpose of selling or providing any Competing Product or Service or otherwise interfering with either Plaintiff's business relationship with any of the Lemon Covered Customers (regardless of who first initiates the communication).

f. Until February 5, 2021, Defendant Ramirez is enjoined from, directly or indirectly, soliciting or communicating with any of the Ramirez Covered Customers for the purpose of selling or providing any Competing Product or Service or otherwise interfering with either Plaintiff's business relationship with any of the Ramirez Covered Customers (regardless of who first initiates the communication).

g. Until February 5, 2021, Defendant Lemon is enjoined from, directly or indirectly, interfering with either Plaintiff's business relationship with any

employee, by: (i) soliciting or communicating with such an employee to induce or encourage him or her to leave Plaintiff's employ (regardless of who first initiates the communication); (ii) helping Americot or another person or entity evaluate an employee of either Plaintiff as an employment candidate; or (iii) otherwise helping Americot or any other person or entity hire an employee away from either Plaintiff.

h. Until February 5, 2021, Defendant Ramirez is enjoined from, directly or indirectly, interfering with either Plaintiff's business relationship with any employee, by: (i) soliciting or communicating with such an employee to induce or encourage him or her to leave Plaintiff's employ (regardless of who first initiates the communication); (ii) helping Americot or another person or entity evaluate an employee of either Plaintiff as an employment candidate; or (iii) otherwise helping Americot or any other person or entity hire an employee away from either Plaintiff.

i. Within fifteen (15) days of the entry of this Agreed Permanent Injunction, Defendant Lemon is ordered to return to Plaintiffs all Confidential Information and all other materials and data belonging to Plaintiffs that he created, received, maintained, copied, or otherwise obtained through the course of his employment or work for either Plaintiff, in any form, whether paper, electronic, or in another format, including, without limitation, the Downloaded Materials (collectively "Plaintiffs' Information"). Within twenty (20) days of the entry of this Agreed Permanent Injunction, Defendant Lemon shall file with the Court in this action a written declaration, signed under the

penalties for perjury, stating whether Lemon has complied fully with this Paragraph 18(i).

j. Within fifteen (15) days of the entry of this Agreed Permanent Injunction, Defendant Ramirez is ordered to return to Plaintiffs all Confidential Information and all other materials and data belonging to Plaintiffs that he created, received, maintained, copied, or otherwise obtained through the course of his employment or work for either Plaintiff, in any form, whether paper, electronic, or in another format, including, without limitation, the Downloaded Materials (collectively "Plaintiffs' Information"). Within twenty (20) days of the entry of this Agreed Permanent Injunction, Defendant Ramirez shall file with the Court in this action a written declaration, signed under the penalties for perjury, stating whether Ramirez has complied fully with this Paragraph 18(j).

k. On November 30, 2020, and February 5, 2021, Defendant Lemon shall file with the Court in this action written declarations, signed under the penalties for perjury, stating whether Lemon has complied fully with Paragraphs 18(a), 18(c), 18(e), and 18(g) of this Agreed Permanent Injunction.

l. On November 30, 2020, and February 5, 2021, Defendant Ramirez shall file with the Court in this action written declarations, signed under the penalties for perjury, stating whether Ramirez has complied fully with Paragraphs 18(b), 18(d), 18(f), and 18(h) of this Agreed Permanent Injunction.

19. In addition, the Court orders the following:

a. Defendant Lemon is ordered, within fifteen (15) days of the entry of this Agreed Permanent Injunction, to provide Plaintiffs any and all USB flash storage devices, electronic devices, storage devices, and/or storage media other than computers (collectively, "Lemon Identified Devices") to which or on which he, or anyone acting on his behalf or at his request, has transferred or stored any of Plaintiffs' Information (including, without limitation, any of the Downloaded Materials) together with any necessary credentials, passwords and/or access keys, so that Plaintiffs' IT forensic consulting vendor can access, image, download, search and/or analyze the Lemon Identified Devices and delete from the Lemon Identified Devices all of Plaintiffs' Information. Upon deletion of Plaintiffs' Information from the Lemon Identified Devices, Plaintiffs or their IT forensic consulting vendor shall return the Lemon Identified Devices to Lemon or his counsel. In addition, within fifteen (15) days of the entry of this Agreed Permanent Injunction or such other time as may be mutually agreed by Lemon and Plaintiffs, Lemon shall make available via remote electronic access any computers to which or on which he, or anyone acting on his behalf or at his request, has transferred or stored any of Plaintiffs' Information (including, without limitation, any of the Downloaded Materials), together with any necessary credentials, passwords and/or access keys, so that Plaintiffs' IT forensic consulting vendor can access, image, download, search and/or analyze the computers and delete from the computers all of Plaintiffs' Information. Provided however, that Lemon need not make available any computer belonging to Americot as long

as he files with the Court a written certification, under the penalties for perjury, that he has removed all of Plaintiffs' Confidential Information from such computer.

b. Defendant Lemon is ordered, within fifteen (15) days of the entry of this Agreed Permanent Injunction, to delete from any cloud storage accounts under his control, including email accounts, all of Plaintiffs' Information (including the Downloaded Materials) and shall file with the Court a written certification, signed under the penalties for perjury, stating whether he has complied fully with this Paragraph 19(b).

c. Defendant Ramirez is ordered, within fifteen (15) days of the entry of this Agreed Permanent Injunction, to provide Plaintiffs any and all USB flash storage devices, electronic devices, storage devices, and/or storage media other than computers (collectively, "Ramirez Identified Devices") to which or on which he, or anyone acting on his behalf or at his request, has transferred or stored any of Plaintiffs' Information (including, without limitation, any of the Downloaded Materials), so that Plaintiffs' IT forensic consulting vendor can access, image, download, search and/or analyze the Ramirez Identified Devices and delete from the Ramirez Identified Devices all of Plaintiffs' Information.  Upon deletion of Plaintiffs' Information from the Ramirez Identified Devices, Plaintiffs or their IT forensic consulting vendor shall return the Ramirez Identified Devices to Ramirez or his counsel. In addition, within fifteen (15) days of the entry of this Agreed Permanent Injunction or such other time as may be mutually agreed by Ramirez and Plaintiffs,

>   Ramirez shall make available via remote electronic access any computers to which or on which he, or anyone acting on his behalf or at his request, has transferred or stored any of Plaintiffs' Information (including, without limitation, any of the Downloaded Materials), together with any necessary credentials, passwords and/or access keys, so that Plaintiffs' IT forensic consulting vendor can access, image, download, search and/or analyze the computers and delete from the computers all of Plaintiffs' Information.
>
>   d. Defendant Ramirez is ordered, within fifteen (15) days of the entry of this Agreed Permanent Injunction, to delete from any cloud storage accounts under his control, including email accounts, all of Plaintiffs' Information (including the Downloaded Materials) and shall file with the Court a written certification, signed under the penalties for perjury, stating whether he has complied fully with this Paragraph 19(d).

20. This Agreed Permanent Injunction is binding on Defendants Ramirez and Lemon and all other persons or entities who are in active concert or participation with Ramirez or Lemon and who receive actual notice of this Agreed Permanent Injunction.

21. If Defendant Ramirez violates this Agreed Permanent Injunction, Ramirez shall be subject to the Court's contempt powers, which may include, at the discretion of the Court and without limitation, additional injunctive relief against Ramirez, imposition of damages and/or attorneys' fees and costs against Ramirez and in favor of Plaintiffs, and/or other sanctions or remedies within the Court's power.

22. If Defendant Lemon violates this Agreed Permanent Injunction, Lemon shall be subject to the Court's contempt powers, which may include, at the discretion of the Court and

without limitation, additional injunctive relief against Lemon, imposition of damages and/or attorneys' fees and costs against Lemon and in favor of Plaintiffs, and/or other sanctions or remedies within the Court's power.

23. All trial or hearing settings and all case management deadlines or settings are hereby vacated.

24. Each party shall bear its own costs, expenses and attorneys' fees.

SO ORDERED.

Date: 10/15/2020

*JAMES R. SWEENEY II, JUDGE*
United States District Court
Southern District of Indiana

\*   \*   \*

AGREED:

DOW AGROSCIENCES LLC

By: _____

Title: CORPORATE COUNSEL

PHYTOGEN SEED COMPANY, LLC

By: _____

Title: CORPORATE COUNSEL

AGREED:

SOTERO RAMIREZ

_____

ROBERT LEMON

_____

AGREED AS TO FORM:

FAEGRE DRINKER BIDDLE & REATH LLP

BY: /S/ DAVID A. GIVEN

Counsel for Plaintiffs

AGREED AS TO FORM:

COHEN & MALAD, LLP

BY: AREND J. ABEL

Counsel for Defendants